Joseph G. Hitner v. Commissioner.
Hitner v. Commissioner
Docket No. 109684.
United States Tax Court
1943 Tax Ct. Memo LEXIS 448; 1 T.C.M. (CCH) 596; T.C.M. (RIA) 43081; February 13, 1943
*448 Philip Dechert, Esq., 1500 Walnut St., Philadelphia, Pa., for the petitioner. Brooks Fullerton, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: The Commissioner determined a deficiency in income tax of $99,061.56, together with a penalty of $24,765.39, for the taxable year 1938. The principal issue is whether all of the proceeds of a damage suit should have been included in petitioner's gross income or whether only one-fourth of the proceeds were properly includible therein. The second issue is whether or not certain attorney's fees were deductible. Respondent disallowed the deductions of these fees because petitioner had not furnished evidence of the amount and had not shown that he was carrying on a trade or business. The parties have now stipulated the amount of the fees to be $54,412.08. Section 121 (a) of the Revenue Act of 1942 amended the Internal Revenue Code so that a deduction for non-trade or non-business expenses is now allowable. This amendment is effective for the taxable year 1938. Section 121 (e), supra. It is apparent that petitioner expended the $54,412.08 to produce or collect income. The deduction will be allowed in the recomputation. Section *449 23 )a) (2) of the Revenue Act of 1938 as amended by section 121 (a), Revenue Act of 1942. The third issue is whether or not petitioner is liable for the penalty imposed by section 291 of the Revenue Act of 1938 for a late filing of his return. The facts were all stipulated and as stipulated are adopted as our findings of fact. Only those necessary to an understanding of the issues will be set forth herein. [The Facts] Petitioner is an individual residing at 4005 Baltimore Avenue, Philadelphia, Pa. On or before March 15, 1939, petitioner obtained from the collector of internal revenue an extension of time to file his return until April 14, 1939, and thereafter he obtained further extensions, the last of which extended the period until June 15, 1939. He filed his return on June 21, 1940, with the collector of internal revenue for the first district of Pennsylvania. Attached to this return was the following statement: This taxpayer had an interest in the adjustment of a certain claim on which a partial cash payment was made in 1938, while the balance of the amount of the claim was deposited with a certain depository for subsequent adjudication and distribution. In 1938 this *450 taxpayer received $22,296.33, while an additional amount of $17,640.89 was deposited for his account to be subsequently distributed after certain expenses and costs had been provided for, although the amount of the ultimate distribution could not at that time be determined. The taxpayer had proceeded on the theory that no accounting of these payments need be made for income tax purposes until the final adjudication of the claim had been made and that the partial payment received in 1938, together with the amount deposited to his credit, was not to be accounted for until, as stated, the claim was finally settled and it was definitely determinable what the recovery would be. However, the taxpayer has now been advised that the amounts involved herein should have been reported as income in the year 1938 and this return is being made to comply with that advice. Under the circumstances outlined herein and by reason of the fact that there was no intention of delinquency on the part of this taxpayer, or any desire to avoid proper income tax liability, the consideration of the Department is requested insofar as the waiving of any penalty for delinquency is concerned and the taxpayer prays *451 that the department will accept this return with the payment of the tax and the interest liability indicated thereon in full settlement of the matter. In 1919 petitioner was engaged in the purchase and sale of scrap iron. During that year petitioner entered into a syndicate agreement for the purpose of purchasing certain materials from the United States Shipping Board Emergency Fleet Corporation, hereinafter referred to as the Shipping Board. Petitioner had a 12 1/2 percent interest in such syndicate. Briggs & Turivas, Inc., owned a 50 percent interest in this syndicate and represented it. Briggs & Turivas submitted a bid to purchase certain materials from the Shipping Board. The bid was accepted but later the Shipping Board breached its contract by selling the material to a third party. Briggs & Turivas brought suit against the Shipping Board in the Court of Claims. The case was argued in 1931 but further testimony was taken and further argument was had in 1936. Judgment was entered in favor of plaintiff on November 9, 1936. Thereafter, a motion for a new trial was made and the motion was denied on February 8, 1937. Certiorari was denied by the United States Supreme Court on October *452 11, 1937. A deficiency appropriation bill carrying an appropriation to pay the judgment which had been rendered by the Court of Claims was approved by the President of the United States on March 5, 1938, and payment in the amount of $2,778,333 was received by Briggs & Turivas on March 25, 1938. Briggs & Turivas paid attorney's fees incurred by the syndicate in the litigation and other miscellaneous fees and expenses for the same purposes and distributed the remainder to the members of the syndicate in proportion to their interest. On January 9, 1928, petitioner, his wife and his two sons, who were both more than 21 years of age, executed an agreement of trust in which certain property was listed as the corpus. This list contains no reference to the claim of the syndicate against the Shipping Board. On February 28, 1938, petitioner, his wife and his two sons entered into another agreement of trust. This agreement stated that each of the parties were the owners of an undivided one-fourth interest in certain property. Included in this trust was petitioner's share of the claim against the Shipping Board. Petitioner has not shown that he ever made a gift of his interest in the claim *453 against the Shipping Board. The only evidence is the following statement in the agreement of trust made on February 28, 1938: WITNESSETH: WHEREAS, each of the parties hereto is now each the owner of an undivided one-fourth part of certain property set forth in the schedule hereto attached, marked 'Schedule A' and made part hereof, * * * *
SCHEDULE A The sum of money which shall constitute the net proceeds to which JOSEPH G. HITNER is entitled, after deduction of attorney's fees and unpaid disbursements incurred by the attorneys Oppenheimer, Haiblum and Kupfer, Esqs., by reason of a certain syndicate agreement dated December 11th, 1919, made between Briggs and Turivas and JOSEPH G. HITNER wherein the said JOSEPH G. HITNER is entitled to a twelve and one-half percent (12 1/2%) interest, shall constitute the principal of the trust. [Opinion] No other evidence to sustain petitioner's contention that he had made a gift of his interest in the claim is contained in the record. From such meager evidence we are unable to hold that petitioner made a gift; thus, we must sustain the determination of the respondent. Moreover, even if we were to hold that he had made such a gift *454 as of February 28, 1938, it is obvious that the gift was one of income which had already accrued to petitioner but remained unpaid, for the facts show that certiorari had been denied by the United States Supreme Court on October 11, 1937 and the deficiency bill approving payment was signed by the President on March 5, 1938. Where the gift is of income, such income would be taxable to petitioner and not to the "donees". . The only evidence which petitioner has put in the record relative to the reasons for his late filing of his return is the statement which was attached to his return which was ultimately filed on June 21, 1940, more than a year after the last extension granted by the collector. Without further evidence, we are unable to hold that petitioner has made a showing of reasonable cause for his long delay. The penalty imposed by section 291, supra, will be included in the recomputation. Decision will be entered under Rule 50.